No. 25-5095

---

# In the United States Court of Appeals for the Ninth Circuit

---



AUG 19 2025

FILED
DOCKETED _____ _____
      DATE     INITIAL

ROWLAND MARCUS ANDRADE,

*Appellants*, v.

UNITED STATES OF AMERICA,

*Appellees*.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION (SEEBORG, R.) CASE NO. 3:20-CR-00249-RS-1

---

## MOTION FOR THE APPOINTMENT OF APPELLATE COUNSEL AND REQUEST TO DEFER DEADLINES

---

SUBMITTED BY:

ROWLAND MARCUS ANDRADE

9414 Plaza Point Drive

Missouri City, TX 77459

(361) 244-0156 (Telephone)

Pro Se-Appellant

I, Rowland Marcus Andrade, respectfully move the Court to appoint appellate counsel to represent me in this appeal and to defer all upcoming deadlines in the Docket Notice and the Time Schedule Order until appellate counsel has been located and able to review the case.

**Background**:

1. I was emailed the Docket Notice and the Time Schedule Order (Exhibit A) from the Ninth Circuit close to midnight on August 14, 2025, which sets the following deadlines:

   - Tuesday, August 26, 2025: Appeal Transcript Order Due
   - Thursday, September 25, 2025: Appeal Transcript Due
   - Tuesday, November 4, 2025: Appeal Opening Brief Due
   - Thursday, December 4, 2025: Appeal Answering Brief Due (United States of America)
   - Disclosure Statement (Form 34) must be filed within 14 days of the notice.

2. I currently do not have appellate counsel. The Ninth Circuit appears to believe that King & Spalding and Cindy Diamond are representing me on appeal; however, both the district court and the district CJA supervising attorney have made it clear that they will not represent me in the appellate proceedings.

3. I have attempted to obtain assistance from my district-level CJA attorneys. While they did submit my financial affidavit to the district CJA supervising attorney, they later claimed it was unnecessary and would be disregarded. Prior to filing this motion, I submitted the financial affidavit directly to the Ninth Circuit CJA supervising attorney so

that it is readily available. Differences remain regarding district dockets 690–693, the CIPA-related filings, and my direct communications with the district court and the magistrate judge throughout my case.

Reasons for Appointment of Counsel

1. **Financial Reasons** – I am financially unable to afford appellate counsel.

2. **Timing and Deadlines** – The August 12, 2025, Docket Notice requires that a Disclosure Statement (Form 34) be filed within 14 days. I'm unable to get that filed without attorney assistance. According to communications with FPDO, it may take several weeks for them to locate appellate counsel. Timely appointment is essential so that counsel can meet with me and review the evidence, including materials from dockets 690–693 and CIPA-related filings,[1] and comply with all appellate deadlines.

3. **Incarceration and Classified Data** – I will be incarcerated on October 31, 2025. Given the classified data involved in my case, I need sufficient time to meet with appellate counsel so they can understand the situation and properly present this CIPA material before the appellate court to review in the appeals process.

4. **FBI Threat Classification** – In April 2020, the FBI, while completing a surveillance log (FBI-Main-0001084), acknowledged that I was classified as a threat to national security and assigned one of the highest threat ratings. I do not know whether this classification is still in effect, but if it is, the BOP may either prevent confidential communications with appellate counsel or not even allow me to have communications counsel. This will make

---

[1] 2-25-2025 Tr. at 1841:22-1843-7; 1859:17-1861-23; and at 1873:7-1875-11.

it extremely difficult for counsel to understand the factual background necessary to properly seek relief from this Court.

5. **Improper Conduct by FBI**– In addition to the concerns raised above, I also need meaningful time to go over with appellate counsel the improper conduct of the FBI and members of the prosecution team who directly and indirectly participated in joint searches, interviews, and cross-referenced investigations in my case.[2] This review must occur before my incarceration to ensure that appellate counsel is able to bring the full extent of these matters before this Court for consideration of whether constitutional violations occurred. It is critical that I am able to discuss the following categories of evidence with appellate counsel and point them to the precise locations in both the public and sealed records where this buried evidence exists:

- Two government employees stated that they were ordered to suppress exculpatory evidence.

- The FBI destroyed all WhatsApp and other communications from my mobile device, yet one of the WhatsApp documents later appeared as a trial exhibit.

- The FBI delayed writing witness reports for years—some not until more than seven years later—even though the witnesses had first-hand knowledge of my case.

---

[2] The FBI agents involved include Timothy Thibault, Michelle Ball, Kevin Helson, Rohan ("Roahn") Wynar, Nathan ("Ethan") Quinn, Brendon Zartman, Ketrin Adam, Katherine Ferrato, and Katherine Ablett. My case file (58D-SF-2113481) was cross-referenced with several other FBI cases, including but not limited to: 813C-HQ-3178392, 105I-WF-3033360, 105I-TP-3193890, 105H-WF-2284853, 318E-MP-2542057, 58C-LA-2207119, 105H-WF-2135481, 105H-WF-3055568, and others. Evidence that belonged in my case file was improperly hidden within some of these cross-referenced cases.

- I retained Pillsbury Law Firm to represent me beginning in 2015. Years later, Pillsbury while still representing me, hired Attorney Shailendra Maheshwari, who, while still at Pillsbury, was recruited by the FBI to "poach" me and assist in building a case against me. Mr. Maheshwari confirmed attorney-client privilege, contacted me, and got me on the phone with people he knew were FBI undercover employees (UCEs) and confidential human sources (CHSs).

- The FBI sent a UCE/CHS, wired with audio and video recording equipment, to meet with me and my counsel at DLA Piper. This live-streamed meeting, in which the UCE/CHS asked me and my counsel about allegations in the indictment, resulted in the improper disclosure of defense trial strategy to the government.

- The FBI deployed UCEs/CHSs online, under identities such as "Joseph Lerner" and "Modern Reboot," to spread negative content about me on a daily basis, which forced my company to respond publicly and counter this government-driven divide and conquer campaign.

- The FBI even recruited SEC Attorney Alice Jensen—prior to the SEC creating any case against me—to contact foreign witnesses so that the FBI could question them, in order to circumvent the Mutual Legal Assistance Treaty (MLAT). In setting up some of these meetings, Ms. Jensen also used her personal and non-SEC email accounts to avoid the SEC's tracking and logging systems.

Request:

I respectfully request that the Court:

1. Appoint appellate counsel to represent me in this appeal.

2. Defer all deadlines in the August 12, 2025 Time Schedule Order, including the filing of the Disclosure Statement (Form 34), until appellate counsel has been located and able to review the case.

3. Grant any further relief the Court deems appropriate to ensure that my appeal is not jeopardized due to procedural or timing issues and make sure that all CIPA related evidence gets before the 9th Circuit for review.

Conclusion:

Appointment of counsel and deferral of deadlines are necessary to ensure meaningful representation, proper handling and submission to the Ninth Circuit of all evidence buried within the district docket, and compliance with procedural requirements. These issues go directly to the fairness of the proceedings and implicate serious constitutional concerns. For appellate counsel to be effective, it is essential that I have the opportunity to review these matters with them before incarceration so they can adequately prepare to present them to this Court.

Respectfully submitted,

**Rowland Marcus Andrade**
**Defendant-Appellant, Pro Se**

Dated: August 17, 2025

Enclosures:

1. Exhibit A – Ninth Circuit Time Schedule Order, August 12, 2025